# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANGELA HOVIND and BUDDY HOVIND, next friends of A.P.H. and A.N.H., <br>     *Plaintiffs*, <br><br> v. <br><br> LUCAS CANE and INDEPENDENT SCHOOL DISTRICT NO. 117 of POTTAWATOMIE COUNTY, OKLAHOMA, <br>     *Defendants*. | Case No. CIV-19-605-D |

## ORDER

Defendant Independent School District No. 117 of Pottawatomie County, Oklahoma ("Defendant District") brings before the Court a Motion to Dismiss [Doc. No. 3], pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have filed a Response in Opposition [Doc. No. 5], to which Defendant has replied [Doc. No. 6]. These matters are now fully briefed and at issue.

## BACKGROUND

Plaintiffs are the parents of minor children A.P.H. and A.N.H. (the "Minor Children"). The Minor Children have attended Macomb Public Schools ("MPS") since 2015. At the time of the alleged incidents, A.P.H. was six years old and in the first grade, and A.N.H. was five years old and in pre-kindergarten. Defendant Lucas Cane was employed by MPS as a middle school teacher. On June 4, 2018, during MPS summer school, Cane would visit A.N.H. in the cafeteria and classroom and ask A.N.H. for hugs. Cane would tell A.N.H. that he "really, really, really liked" A.N.H. He also told her that

he did not like her name and would repeatedly call her "Sally" in the presence of her classmates. On June 21, 2018, A.P.H. attended an MPS field trip. Cane was present. Cane asked A.P.H. for hugs, demanded that A.P.H. lay on his lap, and said he "really liked" A.P.H. A.P.H. laid on Cane's lap, and Cane put his hand on her back.

Following the first trip, A.N.H. complained to her parents about Cane. Plaintiffs attempted to contact the MPS principal that day. They were told a new principal was now in place, though the replacement was never identified. On July 26, 2018, the Pottawatomie County Sheriff's Department ("PCSD") contacted Plaintiffs and stated that an agent of MPS had contacted PCSD. The Minor Children participated in a forensic interview with PCSD, and MPS took no action against Cane. Because of Cane's inappropriate behavior, on August 2, 2018, Plaintiffs filed for an emergency transfer order from MPS to remove the Minor Children from the school where Cane taught. The transfer was denied.

Cane was arrested on August 28, 2018, pursuant to federal charges. He plead guilty to, *inter alia*, charges of distribution of child pornography. Plaintiffs have since made diligent attempts to have the Minor Children transferred to another school. They bring charges here of (1) invasion of privacy; (2) violations of the Oklahoma Governmental Tort Claims Act; (3) negligence per se; (4) violations of Article II §§ 2 and 7 of the Oklahoma Constitution; (5) violations of 42 U.S.C. § 1983; and, (6) violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) ("Title IX").[1]

---

[1] The Court, herein, will refer to Plaintiffs' Petition [Doc. No. 1-1], originally filed in state court, as the Complaint.

2

## STANDARD OF DECISION

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain enough facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). A claim has facial plausibility when the court can draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In § 1983 cases, it is particularly important "that the complaint make clear exactly *who* is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her." *See Robbins*, 519 F.3d at 1249–50 (emphasis in original); *see also Smith v. United States*, 561 F.3d 1090, 1104 (10th Cir. 2009).

## DISCUSSION

Defendant District moves to dismiss on several state law grounds and the following grounds addressing federal claims: (1) Plaintiffs' allegations do not sufficiently rise to the level of danger-creating or conscience-shocking; (2) Plaintiffs' allegations fail to show a causal link between Defendant District's policies and any deprivation of due process or equal protection; (3) Plaintiffs' allegations fail to show a history of custom and usage; and, (4) Defendant District did not have actual knowledge of Cane's alleged inappropriate comments, and such alleged comments were insufficient to alert Defendant District to any type of sexual misconduct by Defendant Cane under Title IX. The Court will address each argument in turn.

# I. Plaintiffs fail to state a claim for substantive due process and equal protection violations.

Count Five of Plaintiffs' Complaint alleges violations of their due process and equal protection rights under the federal constitution, actionable pursuant to 42 U.S.C. § 1983.

### A. *Plaintiffs fail to allege conduct that shocks the judicial conscience.*

Plaintiffs first assert a 42 U.S.C. § 1983 supervisory liability claim against Defendant District based on alleged due process violations.

A § 1983 claim seeking to impose supervisory liability based on due process violations can be brought on "a danger creation theory." *Currier v. Doran*, 242 F.3d 905, 919 (10th Cir. 2001). "'The Due Process Clause is not a guarantee against incorrect or ill-advised [government] decisions.'" *Uhlrig v. Harder*, 64 F.3d 567, 573 (10th Cir. 1995) (quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 129 (1992)). "The danger creation theory . . . focuses on the affirmative actions of the state in placing . . . [an individual] in harm's way." *Doran*, 242 F.3d at 919; *accord Briggs v. Okla. ex rel. Okla. Dep't of Hum. Servs.*, 472 F. Supp. 2d 1304, 1314 (W.D. Okla. 2007), aff'd sub nom. *Briggs v. Johnson*, 274 F. App'x 730 (10th Cir. 2008).

The Tenth Circuit has devised a six-part test governing danger creation claims. As applied to this case, Plaintiffs must demonstrate that: (1) Defendant District either created the danger or increased the Minor Children's vulnerability to the danger in some way; (2) the Minor Children were members of a limited and specifically definable group; (3) Defendant District's conduct put the Minor Children at substantial risk of serious, immediate, and proximate harm; (4) the risk was obvious or known; (5) Defendant District

acted recklessly in conscious disregard of that risk; and, (6) such conduct, when viewed in total, is conscience shocking. *Gonzales v. City of Castle Rock*, 307 F.3d 1258, 1263 (10th Cir. 2002), rev'd on other grounds, *Town of Castle Rock v. Gonzales*, 545 U.S. 748, 125 (2005)).

Although Plaintiffs state the sixth element of the six-part test is a question of fact for the jury, it is the judicial conscience that must be shocked by the conduct alleged. *Uhlrig*, 64 F.3d at 573. As such the Court addresses this factor as a matter of law.

"The shocks the conscience requirement for a danger-creation claim is grounded in three principles: (1) restraint in defining the scope of substantive due process claims; (2) the concern that § 1983 not replace state tort law; and, (3) the need for deference to local bodies in making decisions impacting public safety." *See Armijo by & Through Chavez v. Wagon Mound Pub. Sch.,* 159 F.3d 1253, 1262 (10th Cir. 1998). In furtherance of these principles, the Tenth Circuit requires a plaintiff to demonstrate that the state action was not only intentional or reckless, but also that it possesses a "degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." *Id*. The level of conduct "cannot precisely be defined but must necessarily evolve over time from judgments as to the constitutionality of specific government conduct." *Uhlrig*, 64 F.3d at 574.

Whether specific conduct shocks the conscience is a question of law for the Court. *See Perez v. Unified Gov't of Wyandotte Cty./Kansas City, Kan.*, 432 F.3d 1163, 1168 n.4 (10th Cir. 2005); *Uhlrig*, 64 F.3d at 573 (explaining that the standard for judging a substantive due process claim is whether the challenged government action would shock

the conscience of federal judges); *accord Higginbottom v. Mid-Del Sch. Dist.,* No. CIV-15-1091-D, 2016 WL 3200295, at *1 (W.D. Okla. June 8, 2016) (DeGiusti, J.); *Kerns v. Indep. Sch. Dist. No. 31 of Ottawa Cty.,* 984 F. Supp. 2d 1144, 1151 (N.D. Okla. 2013); *Mason v. Stock*, 955 F.Supp. 1293, 1308 (D. Kan. 1997) ("The conduct must shock the conscience of federal judges. In other words, the 'shock the conscience' determination is not a jury question.") (internal citations omitted).

Plaintiffs here allege Defendant "District's continued employment of Cane shocks the conscience." Response at 21. That is, Defendant District was aware that Defendant Cane had asked A.N.H. for hugs, had told A.N.H. he "really, really, really liked" her, and would repeatedly call her "Sally" in the presence of her classmates. Doc No. 1-1 at 2. Allegedly, Defendant District also knew Cane asked A.P.H. for hugs, demanded that A.P.H. lay on his lap, and said he "really liked" A.P.H., and put his hand on her back. And despite knowledge of this conduct, Defendant District continued to employ Defendant Cane.

The Court observes that federal law imposes an extremely high standard, and that the conduct alleged must be particularly egregious to shock the conscience of the Court. *See Kerns*, 984 F. Supp. 2d at 1152. As pled, Plaintiffs' fail to allege conduct of the "high level of outrageousness" required by binding precedent. *See Moore v. Guthrie*, 438 F.3d 1036, 1041 (10th Cir. 2006) ("[T]he Supreme Court has specifically admonished that a substantive due process violation requires more than an ordinary tort and that merely allowing unreasonable risks to persist in the workplace is not necessarily conscience shocking." (citing *Collins*, 503 U.S. at 128.)). *Cf. Uhlrig*, 64 F.3d at 573 (mental health

administrators' decision to place a criminally insane patient—who then murdered an employee—in a less-secure ward did not shock the conscience); *Abeyta By and Through Martinez v. Chama Valley Indep. Sch. Dist.*, No. 19, 77 F.3d 1253, 1254–55 (10th Cir. 1996) (requiring "a brutal and inhuman abuse of official power literally shocking to the conscience. . .with indifference or with deliberate intent to cause psychological harm.").

Without an allegation of conduct by Defendant District that shocks the judicial conscience, Plaintiffs cannot make out a 42 U.S.C. § 1983 substantive due process claim.

### *B. Plaintiffs fail to allege conduct that amounts to a violation of equal protection of the laws.*

Plaintiffs further assert a claim for Defendant District's violation of their constitutional equal protections rights, which they seek to enforce pursuant to 42 U.S.C. § 1983.

In the Tenth Circuit, it has been clearly established that "sexual harassment . . . can violate the Fourteenth Amendment right to equal protection of the laws." *Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1251 (10th Cir. 1999). The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall . . . deny to any person within its jurisdiction the equal protection of the laws." Denials of equal protection by any person acting under color of state law are actionable under 42 U.S.C. § 1983. *See Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989).

Under the Fourteenth Amendment, to establish municipal—or in this case School District—liability for sexual harassment, a plaintiff must demonstrate "that a state employee's discriminatory actions are representative of an official policy or custom of the

7

municipal institution or are taken by an official with final policy making authority." *Murrell,* 186 F.3d at 1249; *Randle v. City of Aurora*, 69 F.3d 441, 446–50 (10th Cir. 1995).

To subject a governmental entity to liability, "a municipal policy must be a 'policy statement, ordinance, regulation, or decision officially adopted and promulgated by [a municipality's] officers.'" *See Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996); *see also Monell v. N.Y.C. Dep't of Social Servs.*, 436 U.S. 658 (1978). Absent such an official policy, a municipality may also be held liable if the discriminatory practice is "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Lankford*, 73 F.3d at 286 (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 168 (1970)).

Even adopting the most liberal construction of Plaintiffs' Complaint, and drawing all reasonable inferences in their favor, the Complaint makes no allegation that Defendant District engaged in an official policy of deliberate indifference to sexual harassment. Acts that do not constitute an official policy, however, may nonetheless create liability if they are sufficiently widespread and pervasive to constitute a "custom." *See Starrett v. Wadley*, 876 F.2d 808, 814 (10th Cir. 1989); *accord Murrell*, 186 F.3d at 1249. Plaintiffs allege Cane, on separate occasions, asked the Minor Children for hugs, telling them he "really, really, really liked" them. Plaintiffs allege that he called one of them "Sally" in the presence of her classmates, and later asked another to lay on his lap, placing his hand on her back. Complaint [Doc No. 1-1], at 2. But these acts were allegedly directed solely at the Minor Children and do not demonstrate a custom or policy of the School District to be deliberately indifferent to sexual harassment as a general matter. *See Monell*, 436 U.S. at 691 & n.56; *accord Murrell*, 186 F.3d at 1249–50.

Defendant's § 1983 claims asserting violations of their constitutional guarantee to equal protection of the laws against Defendant District must therefore be dismissed as a matter of law.

## II. Plaintiffs fail to state a claim under Title IX as Defendant District did not have actual knowledge of harassment.

Plaintiffs allege Defendant District subjected them to a hostile environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a).

For a school district to be liable under Title IX, a plaintiff must allege that the district: "(1) had actual knowledge of, and (2) was deliberately indifferent to (3) harassment that was so severe, pervasive and objectively offensive that it (4) deprived the victim of access to the educational benefits or opportunities provided by the school." *Murrell*, 186 F.3d at 1246. The use of agency principles to impute liability onto a school district has been expressly rejected. *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 283 (1989). Rather, under Title IX, a school district is "only liable for its own misconduct." *Davis v. Monroe Cty. Bd. of Educ.,* 526 U.S. 629, 640 (1999).

Plaintiffs assert that Defendant District had actual knowledge of the alleged harassment. As recounted above, Defendant District was allegedly aware that Defendant Cane had asked A.N.H. for hugs, had told A.N.H. he "really, really, really liked" her, and. would repeatedly call her "Sally" in the presence of her classmates. Doc No. 1-1 at 2. Allegedly, Defendant District also knew Cane asked A.P.H. for hugs, demanded that A.P.H. lay on his lap, and said he "really liked" A.P.H., and put his hand on her back.

9

Defendant Cane's reported conduct, as alleged, was insufficient to alert District to sexual misconduct or harassment. In *Gebser v. Lago Vista*, the Supreme Court held that complaints of a teacher's inappropriate comments during class were plainly insufficient to alert to the possibility of a sexual relationship between the teacher and the plaintiff. 524 U.S. at 291. Similarly, on review of a motion for summary judgment, the Tenth Circuit in *Escue v. Northern Oklahoma College*, held a college did not have actual knowledge of sexual misconduct where reported incidents were too infrequent, dissimilar, and distant in time. 450 F.3d 1146, 1153 (2006). In *Rost ex rel. K.C. v. Steamboat Springs RE02 School District*, the Tenth Circuit found that reports from a student, who was being sexually harassed, that "other students were bothering him," was insufficient to provide the district with actual notice of the harassment. Likewise, Plaintiffs assert disconnected and dissimilar incidents of Cane acting in a way that made the Minor Children uncomfortable. Still, the reported conduct was insufficient to give Defendant District actual knowledge of actionable harassment.

Plaintiffs' alleged facts are therefore insufficient to support a Title IX claim, and such claims should be dismissed as a matter of law.

### III. The Court, having dismissed all claims arising under federal law, declines to address the remaining state law issues.

Because the Court has dismissed Plaintiffs' federal claims, all claims over which the Court has original jurisdiction have been adjudicated. Plaintiffs here assert no federal claims against Defendant Cane. *See* Notice of Removal [Doc. No. 1], at 2 ("There are no claims asserted against Defendant Cane that raise federal questions which would be subject

to removal."). For reasons detailed herein, Plaintiffs' Complaint fails to state a federal claim upon which relief can be granted against Defendant District.

"When all federal claims have been dismissed, the court . . . usually should[] decline to exercise jurisdiction over any remaining state claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011); *see also Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (noting a general rule of declining pendent jurisdiction when federal claims are resolved before trial). Addressing the remaining state law issues, given the posture of the proceedings, would be contrary to foundational federalism principles. Though this leaves briefed issues unaddressed, the Court declines to reach Plaintiffs' remaining claims arising under state law.

Should Plaintiffs choose to file an Amended Complaint stating a claim arising under federal law, the Court will then exercise jurisdiction over all claims asserted.

## CONCLUSION

Plaintiffs' claims against Defendant District arising under federal law, specifically violations of 42 U.S.C. § 1983 and violations of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, fail to state a claim upon which relief can be granted. The court, as detailed herein, finds they should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The Court will adjudicate any remaining state law claims should Plaintiffs choose to file an Amended Complaint stating a federal claim against Defendant District.

**IT IS THERFORE ORDERED** that Defendant's Motion to Dismiss [Doc. No. 3] **IS GRANTED IN PART**. Plaintiffs' 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 claims are **DIMISSED WITHOUT**

**PREJUDICE** to refiling.  Plaintiffs shall file an Amended Complaint no later than twenty-one (21) days following the issuance of this Order.  Should Plaintiffs fail to amend their complaint, all remaining state law claims will be remanded to state court for adjudication in the proper forum.[2]

      **IT IS SO ORDERED** this 21st day of November, 2019.

                                                   TIMOTHY D. DeGIUSTI
                                                   Chief United States District Judge

---

[2] Defendant Cane has made no appearance in this case.  There are, however, no federal claims asserted against Defendant Cane that would interfere with a remand of all remaining state law issues to state court.